COMMONWEALTH, ET AL., *v.* G. W. TAYLOR, ET AL.

**Sheriff—Damages for Lack of Care—Proof.**
> It is the duty of a sheriff to take into his possession goods levied upon, and if the property is such that he may not do so he should place it in charge of some person for whose action he is willing to be responsible.

**Proof.**
> In a suit brought by an execution plaintiff against the sheriff for loss of goods after levy, plaintiff is not bound to prove negligence, but when he proves the levy, the value of the goods, and their loss, the defendant, to escape liability, must prove that he was not negligent.

APPEAL FROM HANCOCK CIRCUIT COURT.

September 30, 1874.

OPINION BY JUDGE COFER:

It is the duty of a sheriff who levies an execution upon personal property capable of manual possession, to take it into his possession and put it in a place where it is reasonably secured; or if it is not in such condition, or of such nature that he can take actual possession of it, he should either place it under the charge of some one for whose

vigilance and good faith he is willing to become responsible, or to proceed without unnecessary delay to sell it, and if he fails to do so without sufficient excuse, and the property is lost, he is liable to the plaintiff in the execution for any loss he may sustain in consequence of the loss of the property levied on; and when sued, as in this case, for allowing the property to be lost, the levy, loss of the property, and insolvency of the execution defendant being admitted, the sheriff and his sureties are *prima facie* liable for the value of the property, if of less value than the debt, interest and cost, and if of equal or greater value, for the amount due on the execution.

It does not devolve upon the plaintiff in such a case to prove negligence on the part of the officer, but having proved the value of the property levied on, he is entitled to judgment, unless the officer shows that the property levied on was lost without fault on his part. He cannot excuse himself by showing ordinary diligence; he is bound to show diligence in the performance of his official duties, and cannot escape in a case like this if his negligence, however slight, has resulted in the loss of the property levied on.

If the tobacco was not in a condition to be removed, he should have proceeded at once to advertise and sell, unless prevented by other official duties, or by some cause which would have been sufficient to excuse him in case he had failed to make a levy. But instead of doing so he failed, at the instance of the execution defendant, for a period of eighteen days, to advertise at all. This was such a dereliction of duty, if unexplained, as ought to have rendered him liable for the loss of the tobacco.

There is no attempt in the evidence to excuse the delay in selling, except that it had been at the instance of the execution defendant. If the indulgence was granted to him, the sheriff must be taken to have confided in him to keep the tobacco securely, and if loss ensued, he, and not the execution plaintiff, must bear it. Giving to the evidence the most favorable construction which the court below could have put upon it, we think the finding is unsupported by it, and the judgment is therefore *reversed*, and the cause is remanded for further proceedings.

*Kincheloe & Jolly, for appellants.*
*Sweeney & Bush, for appellees.*